IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALVIN MCCULLOUGH                                                                                PETITIONER

v.                                      No. 4:24-cv-00414-JM-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                                  RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

*

Alvin McCullough seeks *habeas* relief from his convictions and sentences entered by the Washington County Circuit Court in 72CR-07-179-1. He was found guilty of two counts of residential burglary, one count of attempted burglary, one count of failure to register as a sex offender, one count of sexual indecency with a child, and one count of second-degree battery. McCullough was sentenced to an aggregate sentence of forty-seven years. The judgment was entered on May 29, 2007.[1] *Doc. 16-1*. The Arkansas Court of Appeals affirmed, *McCullough v. State* (*McCullough I*), 2008 WL 946101, No. CACR 07-849, and the Arkansas Supreme Court

---

[1] McCullough is also serving a sentence of life imprisonment without parole for his convictions of rape, kidnapping, and residential burglary, which was imposed by the Washington County Circuit Court in 72CR-08-590. The judgment was affirmed by the Arkansas Supreme Court. *McCullough v. State,* 2009 Ark. 134, 298 S.W.3d 452.

denied review, *McCullough v. State,* CR-08-509 (Ark. Sept. 11, 2008). The Arkansas Supreme Court also denied McCullough's petition to recall the mandate to reinvest jurisdiction in the trial court to consider a petition for writ of error *coram nobis. McCullough v. State* (*McCullough II*), 2020 Ark. 49, 2020 WL 486767.

On April 25, 2024, McCullough filed his *pro se habeas* petition, raising three claims of ineffective-assistance-of-counsel. Doc. 2. The undersigned recommended that the petition be dismissed as second or successive based on the mistaken belief that McCullough was seeking *habeas* relief for a second time from the Washington County judgment in 72CR-08-590. Doc. 3. The Court declined to adopt the recommendation and referred the case back to the undersigned for further review. Doc. 8. The undersigned recommends the petition be dismissed based on untimeliness and, alternatively, procedural default.

*

Payne contends the *habeas* petition was filed outside the one-year *habeas* limitations period and therefore should be dismissed. The limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Court of Appeals affirmed the judgment entered against McCullough on April 9, 2008, *McCullough I,* 2008 WL 946101, No. CACR 07-849, and the Arkansas Supreme Court denied the petition for review on September 11, 2008, *McCullough v. State,* CR-08-509 (Ark. Sept. 11, 2008). The judgment became final ninety days later on December 10, 2008, when the time for seeking a writ of *certiorari* expired. *See Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012); *see also* Sup. Ct. R. 13. The one-year limitations period therefore began running on December 11, 2008. 28 U.S.C. § 2244(d)(1)(A). *See* Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time

2

period).  The limitations period expired on December 11, 2009, absent any statutory tolling periods.

The limitations period is tolled when a properly filed application for "State post-conviction or other collateral review" of the judgment is pending.  28 U.S.C. § 2244(d)(2).  Because McCullough filed the *coram nobis* petition on September 18, 2019, ten years after the *habeas* limitations period had expired, the state court petition cannot toll the limitations period.  *Jackson v. Ault,* 452 F.3d 734, 735–36 (8th Cir. 2006).  McCullough filed the federal *habeas* petition on April 25, 2024, and the limitations period expired on December 11, 2009.  The petition therefore was not timely filed.

McCullough summarily states the limitations period does not bar his petition because he is "procedurally innocenct" and "was denied all rights guaranteed under the United States Constitution in his criminal proceedings.  *Doc. 2 at 17–18.*  The United States Supreme Court has held that, when the petition is not timely filed under § 2244(d)(1)(D), the time bar can be overcome by a showing of actual innocence.  *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013).  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)).  McCullough, however, has not demonstrated actual innocence to overcome the expiration of the limitations period.[2]  He has not presented "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."

---

[2] McCullough does not argue that the limitations period is subject to equitable tolling.  He has not pointed to any extraordinary circumstance that prevented timely filing of the petition.  *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010) (quotations omitted).  Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  *Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008) (quotations omitted).

*Schlup,* 513 U.S. at 324. Because McCullough has not presented new reliable evidence demonstrating actual innocence, the undersigned concludes that the *habeas* petition is time-barred and therefore should be dismissed.

\*

Alternatively, McCullough's three ineffectiveness claims should be dismissed based on procedural default. McCullough, a state prisoner, may seek a writ of *habeas corpus* in federal court, if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking *habeas* review, McCullough must have exhausted available state remedies by fairly presenting each of his claims in state court. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is procedurally defaulted when the state court declined to review it because the petitioner failed to comply with a state procedural rule. *Coleman,* 501 U.S. at 729–32. Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan*, 526 U.S. at 847–48. If a claim is procedurally defaulted, this Court can consider it only if McCullough establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

To the extent McCullough raised an ineffectiveness claim in the *coram nobis* proceeding, the claim was not properly presented in state court. The Arkansas Supreme Court held *coram nobis* was not a proper vehicle for the ineffectiveness claim, and the claim was not a ground for the writ. *McCullough II,* 2020 Ark. 49, \*6, 2020 WL 486767, \*3. A state-court remedy for the ineffectiveness claims is no longer available. In Arkansas state courts, post-conviction proceedings under Rule 37 of the Arkansas Rules of Criminal Procedure are the "primary vehicle" for relief based on ineffective-assistance-of-counsel, and relief is available "in limited

4

circumstances" based on a motion for new trial. *State v. Robinson,* 2011 Ark. 90, *6, 2011 WL 737152, *4. Under Arkansas procedural rules, McCullough had ninety days after entry of judgment to file a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Ark. R. Crim. P. 37.2(c)(i). He had thirty days after entry of judgment to file a new trial motion. Ark. R. Crim. P. 33.3(b). Because McCullough has not demonstrated that a non-futile state court remedy remains available, his claims are procedurally defaulted.

If a claim is procedurally defaulted, this Court can consider it only if McCullough establishes either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. For each of his three ineffectiveness-of-trial-counsel claims, McCullough summarily states that he did not raise the claim in state court because he was "[d]enied effective assistance of counsel under the 6th and 14th Amendment[s] to the United States Constitution." *Doc. 2 at 5, 8, 12, 16.* Assuming McCullough is contending that he did not receive ineffective assistance of counsel on post-conviction review, his cause argument fails. There is no constitutional right to counsel in state collateral proceedings; any ineffectiveness of his post-conviction counsel therefore cannot excuse a procedural default. *Coleman,* 501 U.S. at 755–57. Recognizing an equitable exception, the United States Supreme Court has held that "where, under state law, claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective." *Martinez v. Ryan,* 566 U.S. 1, 14 (2012). The Supreme Court also expanded the equitable exception to apply when state procedural rules do not provide a "meaningful opportunity" to raise ineffectiveness-of-trial-counsel claims on direct appeal. *Trevino v. Thaler*,

569 U.S. 413, 428–29 (2013).  The *Martinez-Trevino* equitable exception applies in *habeas* review of Arkansas state court decisions.  *Sasser v. Hobbs,* 735 F.3d 833, 851–53 (8th Cir. 2013).  The equitable exception, however, is available "only when a State fails to appoint counsel *after a petitioner properly has initiated those proceedings* to challenge his trial counsel's performance." *Hoes v. Gwin,* 2024 WL 5250581, *5, No. 2:24-cv-2106-TLB-MEF (emphasis original) (collection of cases), adopted by 2024 WL 5246865, No. 2:24-cv-2106 (W.D. Ark. Dec. 30, 2024). Because McCullough did not file a Rule 37 petition raising his ineffectiveness claims in state court, the *Martinez-Trevino* exception does not apply to excuse procedural default.  The undersigned therefore recommends an alternative finding that the claims be denied based on procedural default.

*

IT IS THEREFORE RECOMMENDED THAT:  (1) McCullough's petition be DISMISSED with prejudice, *Doc. 2*; and (2) a certificate of appealability be DENIED.

Also pending is Mr. McCullough's motion to appoint counsel. (Doc. No. 17) There is no constitutional right to counsel in habeas corpus cases. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). However, a Court *may* appoint counsel to represent a habeas petitioner if "the interest of justice so requires." 18 U.S.C. § 3006A(a)(2)(B). Among the factors the Court will consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the Court would benefit from representation by counsel for both parties. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In Mr. McCullough's case, the law and facts are not complex, and he appears to be capable of raising his claims based on his filings in this case. Therefore, it is further recommended that Mr. McCullough's Motion to Appoint Counsel (Doc. No. 17) be denied.

DATED this 14th day of July, 2025.

                                                                               _____
                                                                               JEROME T. KEARNEY
                                                                               UNITED STATES MAGISTRATE JUDGE